## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

NEORCK COLEBUT,                          :
                                         :
    Petitioner,              :
                                         :
v.                                       :       No. 3:05CV247(DJS)
                                         :
MASHANTUCKET PEQUOT TRIBAL               :
NATION TRIBAL ELDERS COUNCIL,            :
                                         :
    Respondents.             :

### MEMORANDUM OF DECISION

Petitioner Neorck Colebut seeks a writ of habeas corpus directing reinstatement of his former status as a member of the Mashantucket Pequot Tribal Nation.  (See Dkt. # 1.)  Petitioner claims that the Order of Temporary Banishment issued by respondent the Mashantucket Pequot Tribal Nation Tribal Elders Council on December 17, 2003, which "temporarily banished [Colebut] from the Mashantucket Pequot Tribal Reservation and/or other lands of the Mashantucket Pequot Tribe under the suspicion of possession of illegal drugs on the reservation" and declared Colebut's forfeit of "all rights and privileges of tribal membership" save health care, violated his rights under Title I of the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301-1303.  Respondent has filed a motion to dismiss the petition.  (See Dkt. # 5.)

Respondent's motion to dismiss is **GRANTED**.  The court finds that petitioner has made a colorable claim that this court has

subject matter jurisdiction to hear his petition, which is
brought under 25 U.S.C. § 1303.  See id. ("The privilege of the
writ of habeas corpus shall be available to any person, in a
court of the United States, to test the legality of his detention
by order of an Indian tribe.").  The Court of Appeals for the
Second Circuit has held that banishment from a tribe may amount
to a sanction triggering the protection of the writ of habeas
corpus.  See Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d
874, 901 (2d Cir. 1996).

Respondent's motion, however, is **GRANTED** because petitioner
has not exhausted his available remedies.  In Poodry, the Court
of Appeals held that Congress's grant of habeas jurisdiction to
federal courts in Section 1303 is analogous to the grant of
habeas jurisdiction in other contexts.  See id. at 890.
Exhaustion of available remedies is a fundamental tenet of
federal court review in the context of habeas corpus proceedings.
As the Court of Appeals for the Second Circuit has explained with
respect to judicial review of immigration proceedings pursuant to
28 U.S.C. § 2241, "[e]xhaustion of administrative remedies serves
numerous purposes, including protecting the authority of
administrative agencies, limiting interference in agency affairs,
and promoting judicial efficiency by resolving potential issues
and developing the factual record."  Beharry v. Ashcroft, 329
F.3d 51, 56 (2d Cir. 2003).  Significantly, the exhaustion of

-2-

administrative remedies has been mandated by Congress with respect to petitions for writs of habeas corpus challenging state court convictions, which raise similar interests to those present in the instant proceedings.  See 28 U.S.C. § 2254(b)(1).  In other words, before a federal court will review the decision by another state or entity, the party seeking review must obtain a final decision from that state or agency.

Here, petitioner has not demonstrated that he has pursued all avenues of relief available to him through the Tribal Council, or that he should be excused form doing so.  The order he seeks review of is temporary in nature, and respondent has produced evidence that the Tribal Council has not yet made a final determination, but rather that a final determination will be made after resolution of petitioner's criminal case before the Tribal Court.  Under the circumstances, the court will not undertake a review of the Tribal Council's decision; in order to obtain review, petitioner must demonstrate that the Tribal Council's decision is, to some extent,[1] final.

Respondent's motion to dismiss (dkt. # 5) is **GRANTED.** Colebut's petition is **DISMISSED without prejudice.**  Colebut may obtain the relief he seeks at a later date if he obtains a final determination of his membership rights from the Tribal Council

---

[1] A "temporary" order of banishment with no mechanism or prospects for reversal may be tantamount to permanent banishment.

-3-

and he files (1) a motion to re-open these proceedings and (2) an amended petition for a writ of habeas corpus within thirty (30) days of a final determination from the Tribal Council regarding his membership status.  Colebut must also name the individual Tribe members who have imposed the punishment of which he seeks review as respondents to his amended petition.

The Clerk of the Court shall close this file.

So ordered this 9th day of June, 2006.

**/s/DJS**

_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**